UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KELLIE ACCURSO,

       Plaintiff,      **DECISION**
  v.            **and**
                **ORDER**
MAJESTIC POOLS, INC.,[1]
JOHN BUNCH,            06-CV-13A(F)
       Defendants.

---

APPEARANCES:   CREIGHTON, PEARCE, JOHNSEN & GIROUX
          Attorneys for Plaintiff
          CATHERINE CREIGHTON, of Counsel
          560 Ellicott Square Building
          295 Main Street
          Buffalo, New York 14203

          E. CAREY CANTWELL, P.C.
          Attorney for Defendants
          E. CAREY CANTWELL, of Counsel
          984 Ellicott Square Building
          295 Main Street
          Buffalo, New York 14203

          BROWN & KELLY, LLP
          Attorneys for Defendants
          LISA T. SOFFERIN, of Counsel
          1500 Liberty Building
          Buffalo, New York 14202

   In this Title VII and NYHRL case alleging sexual harassment, Defendants move for reconsideration of this court's Report and Recommendation on the issue of punitive damages, filed March 28, 2008. ("R&R") (Doc. No. 31).  Specifically, Defendants

---

[1] The court takes notice that although Plaintiffs denominate "Majestic Pools" as a Defendant, Plaintiffs refer to this Defendant throughout the Complaint and motion papers filed in this action as both "Majestic Pools" and "Majestic Pools, Inc."  The parties do not dispute that "Majestic Pools" and "Majestic Pools, Inc." refer to the same entity.  In the interest of clarity and consistency, the court refers to the Defendant as "Majestic Pools, Inc."

1

contend that the court failed to address Defendants' motion for summary judgment on Plaintiff's request for punitive damages.

Upon examination of Defendants' motion for summary judgment, the court finds that Defendants sought summary judgment to dismiss Plaintiff's request for punitive damages. In the Complaint, Plaintiff requested punitive damages without specifying under which cause of action, the Title VII claim or a NYHRL claim, punitive damages were sought. Complaint ¶ 62(F). In seeking summary judgment, Defendants did assert that punitive damages are not available under the NYHRL, as a matter of law, Defendants' Memorandum at 20, and that, as evidence in the record does not, in Defendants' view, support an award of punitive damages under Plaintiff's Title VII claim, the court should grant summary judgment on Plaintiff's punitive damages request under Plaintiff's Title VII claim. *Id.* In the R&R, this court found that Plaintiff's Title VII and NYHRL claims required trial, but did not specifically consider Defendants' request to dismiss Plaintiff's punitive damages claim under each cause of action. R&R at 33. Rather, the court stated that if the District Judge accepted the R&R, thus requiring trial on Plaintiff's claims against Majestic, Plaintiff may renew her prior motion to compel information seeking information regarding Defendant Majestic's financial status as relevant to Plaintiff's punitive damage claim. *Id.* On April 9, 2008, Defendants filed the instant Motion for Reconsideration/Clarification directed to Plaintiff's punitive damage claims. (Doc. No. 33) ("Motion for Reconsideration/Clarification).

For a party to prevail on a motion for reconsideration, the party must (1) "present '[factual] matters or controlling decisions the court overlooked that might materially have influenced its earlier decision,'" *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365,

368 (S.D.N.Y 1999) (internal citations omitted) or (2) the party "must demonstrate 'the need to correct a clear error or prevent manifest injustice.'" *Id.* "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Id.* (citing *Monaghan v. SZS 33 Assoc., LP.*, 153 F.R.D. 60, 65 (S.D.N.Y. 1994)). Further, the "motion is not a vehicle for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple.'" *Id.* (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). Additionally, whether to grant or deny such motions is within the sound discretion of the court. *Id.* (citing cases). *See also Larouche v. Webster,* 975 F.Supp 490, 492 (S.D.N.Y. 1996) (criteria for motions for reconsideration "strictly construed against moving party") (citing cases).

While punitive damage issues typically are addressed at trial, *Ramapo Land Co., Inc. v. Consol. Rail Corp.*, 918 F.Supp. 123, 129 (S.D.N.Y. 1996) (whether defendant's conduct and intent warranted punitive damages award for trier of fact to decide), upon review of Defendants' Memorandum in Support of Summary Judgment, the court acknowledges that Defendants did specifically request summary judgment on whether Plaintiff could obtain punitive damages on both her Title VII and NYHRL claims, should the court deny summary judgment as to the merits of such claims. Defendants' Memorandum at 18-20. Accordingly, the court finds the question of punitive damages should have been addressed in the R&R. *Griffin Indus., Inc.*, 72 F.Supp.2d at 368.[2] Based on the foregoing, the court GRANTS Defendants' motion for reconsideration; an

---

[2] The Report and Recommendation did note that punitive damages were available on Plaintiff's Title VII claims, but not available on Plaintiff's state claims. R&R at 13 n. 8-9.

amended report and recommendation including a discussion of Defendants' request that Plaintiff's punitive damage allegations be dismissed as a matter of law, will be issued contemporaneously with this Decision and Order.

## CONCLUSION

Defendants' motion for reconsideration (Doc. No. 33) is GRANTED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: May 15, 2008
      Buffalo, New York