UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KELLIE ACCURSO,

                Plaintiff,

    v.                                    DECISION AND ORDER
                                              06-CV-13A

MAJESTIC POOLS, INC. and
JOHN BUNCH,

                Defendants.

---

        Plaintiff commenced this action against her former employer, Majestic Pools, Inc., and its owner, John Bunch, alleging violations of Title VII, 42 U.S.C. § 2000e and the New York State Human Rights Law (NYSHRL). Specifically, plaintiff asserts that while employed at Majestic Pools, Inc., she was sexually harassed by defendant John Bunch. She claims that she was subjected to pervasive, unwanted attention and requests for a romantic relationship. Plaintiff claims that her complaints and requests to cease the harrassing conduct were ignored and when she finally couldn't stand it any longer, she resigned. Plaintiff seeks damages under a *quid pro quo* sexual harassment theory, a hostile work environment theory, and for constructive discharge.

        The defendants moved for summary judgment. On May 15, 2008, Magistrate Judge Leslie G. Foschio, to whom the matter had been referred, issued an Amended Report and Recommendation recommending that the motion

for summary judgment be granted in part and denied in part.  Both parties filed objections to the Amended Report and Recommendation and on August 14, 2008, this Court heard oral argument on the objections.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Amended Report and Recommendation to which objections have been made.  Upon a *de novo* review, and after reviewing the submissions and hearing argument from the parties, the Court adopts Magistrate Judge Foschio's recommendation to grant summary judgment in favor of defendant Bunch as to plaintiff's Title VII claim against him in his individual capacity and to grant summary judgment in favor of both defendants as to plaintiff's *quid pro quo* theory of sexual harassment.  Additionally, for the reasons stated by Magistrate Judge Foschio, summary judgment is denied as to plaintiff's hostile work environment and constructive discharge claims.  As to plaintiff's request for punitive damages, summary judgment is denied with regard to plaintiff's Title VII claim, but granted as to plaintiff's NYSHRL claim because punitive damages are not available under the NYSHRL.

As to the defendant's statute of limitations argument, the Court declines to adopt Magistrate Judge Foschio's determination that plaintiff's "Title VII claims based on hostile work environment sexual discrimination that occurred

before May 5, 2004 are time-barred, but may be considered as background evidence of a continuing violation." See Amended Report and Recommendation, at 30 (citing Jute v. Hamilton Sundstrand Corp., 420 F.3d 166 (2d Cir. 2005)). While claims of *disparate treatment* and *retaliation* must be brought within the 300-day limitations period to be actionable, a different rule applies with regard to *sexual harassment* claims. In Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), the Supreme Court explained that, unlike discrete acts of discrimination (such as termination, failure to promote, denial of transfer, or refusal to hire) which are easy to identify and "occur" when they "happen," id. at 110, hostile work environment claims are different because they "cannot be said to occur on any particular day." Id. at 115. Rather, such claims "occur[] over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." Id. Because hostile work environment claims by their very nature involve repeated conduct over a long period of time, the Supreme Court explained that, as long as any act contributing to the hostile work environment claim falls within the 300-day period, "the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." Id. at 117. The Court stated:

> Given, therefore, that the incidents constituting a hostile work environment are part of one unlawful employment practice, the employer may be liable for all acts that are part of this single claim. In order for the charge to be timely, the employee need only file a

charge within 180 or 300 days of any act that is part of the hostile work environment.

Id. at 118.  Therefore, as long as the plaintiff can prove that one act of harassment occurred within 300 days of her EEOC charge, then she may recover for all those acts that were part of the entire hostile work environment claim.  The defendant's motion for summary judgment on statute of limitations grounds is denied.

## CONCLUSION

To summarize, the defendants' motion for summary judgment is: (1) granted as to plaintiff's *quid pro quo* harassment claim; (2) granted as to plaintiff's Title VII claim against defendant Bunch in his individual capacity; (3) granted as to plaintiff's claim for punitive damages under the New York State Human Rights Law; but (4) denied in all other respects.  The parties shall appear before the Court on September 29, 2008, at 9:00 a.m. for a meeting to set a trial date.

SO ORDERED.

                                                  s/ *Richard J. Arcara*
                                                  HONORABLE RICHARD J. ARCARA
                                                  CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT

DATED:  September 17  , 2008